BAER, SEASONGOOD & COMPANY, Appellant, v. N. F. LISMAN et al., Defendants; E. A. LUTTER (Interpleader), Respondent.

St. Louis Court of Appeals, October 23, 1900.

1. **Attachment:** INTERPLEADER: PURCHASE NOT IN GOOD FAITH: INSTRUCTION. The instruction given on the part of the interpleader told the jury, that the finding should be for him, unless they should find that defendants sold the goods "with the fraudulent intent to hinder *and* delay their creditors, and that respondent had no knowledge of such fraudulent intent:" Held, that the instruction was erroneous in not following the statute in the use of the words "hinder" and "delay" in the disjunctive.

2. ———: ———: STATUTE. The statute attaches to each of the words "hinder, delay, defraud," a separate meaning, and if a transfer is made, for either one of the purposes mentioned, the conveyance will be avoided at the suit of the creditors of the vendor.

3. ———: ———: INSTRUCTIONS CONTRADICTORY. Where an erroneous instruction is given for one party, and a correct one is given for the other party, the latter will not cure the former, for the reason that the jury may have followed the erroneous instruction.

Baer, Seasongood & Co. v. Lisman.

Appeal from the Texas Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

REVERSED AND REMANDED.

*Orchard & Saye,* for appellant.

(1) The court erred in giving instructions numbers two and three on the part of the interpleader. The second instruction makes the jury find that the sale was to Lutter for the purpose of defrauding their creditors. It should have gone further and said for the purpose of defrauding, hindering, or delaying their creditors. The third instruction requires the jury to find that the sale was made with fraudulent intent to hinder and delay their creditors, hence it is erroneous. Burgert et al. v. William Borchert et al., 59 Mo. 80; State to use v. Nauert, 2 Mo. App. Rep. 255. (2) Instruction number four is open to objection because it uses the words hindering or delaying their creditors, without the words to defraud, and without further qualifying said instruction by saying that while any acts or conduct of the interpleader after the sale would not effect the sale, yet, any acts, statements, or conduct of the interpleader might be considered by the jury, in connection with all the other facts given in evidence, as showing good faith of the interpleader. Burgert v. Borchert, 59 Mo. 80; State to use v. Nauert, 2 Mo. App. Rep. 295.

*A. H. Livingston* for respondent.

(1) An additional brief is filed in this cause, in which some very fine-sighted and hypercritical points are raised. All this labored contention and elaborate brief is over the disjunctive "or" and the conjunctive "and." I am constrained to believe that if the learned counselor had examined carefully instructions numbered 5 and 6, given

for interpleader, and numbered 1, 2, 3, 4 and 5, given at his request, he would find the word "or" therein given to his heart's content. The exact language insisted on as being proper and essential is contained in appellant's first instruction: "With intent to defraud, hinder or delay their creditors." Likewise in their second instruction. In their third they use the words "hinder or delay." Also in the fourth and fifth the same language as in the third. Any seeming errors that might appear in respondent's instructions are cured by those asked and given for appellant. Judgments will not be reversed because of instructions which are subject to mere verbal criticism or technical objection. Mayor v. Burns, 114 Mo. 426; State v. Ellis, 11 Mo. App. 587.

BIGGS, J.—This is a controversy between an attaching plaintiff and an intervening claimant of the attached property. Baer, Seasongood & Company sued the firm of Lisman & Ramsey by attachment. The sheriff levied on a stock of goods in the possession of E. A. Lutter. The latter interpleaded for the goods. Baer, Seasongood & Company replied that Lutter had recently purchased the property from Lisman & Ramsey, and that the purchase was not made in good faith, but for the purpose of defrauding the creditors of Lisman & Ramsey. On the trial of the interplea the issues were found for Lutter, and Baer, Seasongood & Company has appealed and complains of the instructions.

It appears from the evidence that Lisman & Ramsey had been engaged in selling dry goods in the city of Willow Springs. They had become largely indebted to their commercial creditors. A few days prior to the attachment they sold their entire property to Lutter for $4,350. In paying for the goods Lutter cancelled an indebtedness of $1,600, due him from Lisman & Ramsey for borrowed money, and

paid the balance in money and checks. The evidence strongly tends to show a fraudulent purpose by Lisman & Ramsey in making the sale, and there is some evidence that Lutter was a party to the fraud.

In the instructions given on the part of the interpleader the jury were told that the finding should be for him, unless the jury found that Lisman & Ramsey sold the goods "with the fraudulent intent to hinder *and* delay their creditors and that Lutter had knowledge of such fraudulent intent." The instruction is erroneous, in that it is in the conjunctive, whereas the statute is in the disjunctive. The language of the statute is that a transfer of property is void when contrived "with the intent to hinder, delay *or* defraud creditors," etc. R. S. 1899, sec. 3398. The statute attaches to each of the words "hinder, delay, defraud," a separate meaning (Burgert v. Borchert, 59 Mo. 80; Dunham v. Hallberg, 69 Mo. App. 509), and if a transfer is made for either one of the purposes mentioned the conveyance will be avoided at the suit of the creditors of the vendor. This makes the error in the instructions of the interpleader apparent and the error is evidently prejudicial. However, it is urged by counsel for the interpleader that the giving of the instructions will not justify a reversal for the reason that in respect to the error of which complaint is made the plaintiff's instructions properly presented the law. This argument was rejected by us in the Dunham case for the reason that we are unable to say which instruction the jury followed. This was the ruling of the supreme court in State v. Harrell, 97 Mo. 105.

Judgment reversed and cause remanded. All concur.