# HARRY TAMBLYN, Appellant, v. ADAM SCOTT et al., Respondent.

### Kansas City Court of Appeals, March 6, 1905.

1. **PARTNERSHIP: Construction of Contract: Instructions.** A contract is construed and held to mean that one S upon sinking a mining shaft to a second level or to pay ore, had earned one-half interest in such mine. And an instruction that if the owners of the mine accepted such work as a performance of the contract and thereupon agreed that S was to have one-half interest in the mine, then they became partners and liable to plaintiff for purchases made by S, was erroneous.

2. ———: **Sharing Profits.** Participation in the profits of a business raises the presumption of the existence of a partnership.

3. ———: **Contract: Subsequent Actions.** A contract between parties to become partners under certain contingencies will not hinder them from drifting into a partnership by their subsequent actions and agreements independent of contemplated contingencies.

4. ———: ———: **Liability to Strangers.** While a contract between parties may require one of the partners to pay certain expenses, it can have no effect upon a stranger dealing with such parties without notice of the limitation.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

REVERSED AND REMANDED.

*Cole, Burnett & Williams* for appellant.

(1)   Instruction numbered 1 given at the request of Brintlinger and Hodge does not properly declare the law.   The contract and evidence show that the operation of the mine was a joint venture to be conducted on joint account, the net profits which were to be equally divided between Scott on the one hand and Brintlinger and Hodge on the other.   Torbert v. Jeffrey, 161 Mo. 655; Corey v. Cadwell, 86 Mich. 570, 49 N. W. 611; Rahl v. Parlin and Orendoff Co., 64 S. W. 1007.   (2)   Plaintiff's instruction numbered 5 should have been given by the court.   Bank v. Altheimer, 91 Mo. 195.   Actual participation in the profits as principal creates a partnership as between the parties and third persons, whatever may be their intention in that behalf, and notwithstanding the dormant partner was not expected to participate beyond the amounts of the profits.   Berthold v. Goldsmith, 65 U. S. 536, 24 How. 536; Ward v. Thompson, 63 U. S. 330, 22 How. 330; Brandon & Dreyer v. Conner, 117 Ga. 759, 63 L. R. A. 260.   The law as declared in instruction numbered 7 has met the views of this court and of the Supreme Court.   Freeman v. Hemenway, 75 Mo. App. 616; Snyder v. Burnham, 77 Mo. 52. (3) The trial court should have given plaintiff instruction numbered 8.   A partnership as to third person may be shown by facts which would not prove a partnership *inter se.*   Bissell v. Ward, 129 Mo. 452; Phillips v. Samuel, 76 Mo. 657; Huyssen v. Lawson, 90 Mo. App. 82; Selby v. McCollough, 26 Mo. App. 66.

*Thomas Dolan* for respondents.

(1)  Even if there was error in instructing the jury, if the verdict is for the right party, it should be affirmed.    (2)  The very contract shows it was not a partnership contract, and the court simply declared that the contract was not a contract of partnership, and this declaration of law was correct.    Hughes v. Ewing, 162 Mo. 295; Hdw. & Iron Co. v. Harrison, 89 Mo. App. 154; Hazel v. Clark, 89 Mo. App. 78.    It is apparent from the contract and the conduct of the parties that it was not their intention that the written contract should constitute a contract of partnership.    Mackie v. Mott, 146 Mo. 230.    (3)  The petition alleged a partnership.    A partnership not being proven only Adam Scott is liable because he made the purchases.    Price v. Hallett, 138 Mo. 561; Schultze v. Steele, 69 Mo. App. 614.

ELLISON, J.—This is an action on account for fuse, blasting powder, etc., used in mining lead and zinc ore in Jasper county.    The judgment in the trial court was for plaintiff against defendant Scott, but for the other defendants, Brintlinger and Hodge.    Plaintiff appealed.    The items of the account were purchased by Scott and the sole question we need to consider is, whether Brintlinger and Hodge were partners of Scott in the mining operation to carry on which the purchases in the account were made.

Brintlinger and Hodge were the owners of a lease of the ground upon which the mining was done, and they and Scott entered into a written contract whereby it was agreed, in substance, that when Scott complied with certain agreements specified in the contract he was to become owner of a half interest in the mining property.    The agreement of Scott was to sink a shaft, which, at the time of the agreement, had been sunk seventy-eight feet, to a lower depth, ''down to a second run or level of ore, which would be about forty-five feet,

as drill record shows ore. If a shallower depth and the shaft having at least a three-foot sump sufficient to work the ore out, it will then be accepted by Brintlinger and Hodge, and the one-half interest in the above-described lots and all other articles described will then be earned and turned over by proper transfer to'' Scott or his assigns. The agreement was further that Scott should pay for all work and material and to sink the shaft spoken of at his own cost.

The best we can make out of this strangely worded agreement is that Brintlinger and Hodge agreed that when Scott sunk the shaft to the second level of forty-five feet, or less, ''if pay ore'' should be struck, then Scott had earned his one-half interest.

Defendants' first instruction declared to the jury that the contract itself did not make Brintlinger and Hodge partners with Scott, unless the jury believed that they accepted the work done by Scott under the contract as a performance of the same, *and thereupon* agreed with him that he was to have one-half interest in the mining lots and other property. That instruction necessarily led the jury to act in face of the contract itself, in that it requires not only that Scott should have done the work and that they accepted it, but that they also must thereupon have agreed with him that he was to have one-half the property. The contract itself gave him one-half the property when the work was done, without an additional agreement after the work was done as the instruction contemplates. It was a harmful error to plaintiff's prejudice which makes it necessary to reverse the judgment and remand the cause.

It appears from the evidence that Brintlinger and Hodge received at different times profits from the mine. It further appears that under the last provision of the contract, Scott had a ''right to prospect and mine on the first level during the time he was sinking the shaft

deeper," and that "in the event of a rich strike of ore being found on such first level then whatever is cleared above expenses, royalty, etc., is to be divided *pro rata* as the interests appear, namely, one-half of net profits to the first parties and one-half to the second party" (Scott). That provision alone might constitute the parties partners as charged by plaintiff. For "a partnership may as well be predicated of an agreement to share net profits, as of an agreement to share the profits and losses, and the same rule applies. Hence, participation in the profits of the business raises a presumption of the existence of a partnership." [Torbert v. Jeffrey, 161 Mo. 645, 656.]

Notwithstanding the written contract, there would, of course, be nothing to hinder the parties to this controversy from drifting into a partnership by their actions, or agreements subsequently. The contentions of the parties here indicate that some such feature of the case might appear in the evidence at another trial.

It will be well enough to remark that notwithstanding the contract between these parties contemplates that Scott should pay for such material as makes up the account sued upon, yet, while that would bind the parties to the contract, it could have no effect upon a stranger without notice, if he furnished the account under circumstances that made them liable to him as partners.

Reversed and remanded. All concur.