C. K. BOWEN, Respondent, v. U. S. EPPERSON, Appellant.

Kansas City Court of Appeals, April 19, 1909.

1. PARTNERSHIP: Contract: Trustees: Sharing Profits. A contract putting the title to certain partnership property in the defendant as a trustee to secure certain affidavits and giving him a certain part of the profits to be made out of the contract, is rightly held not to make the trustee a partner in the firm.

2. ———: ———: Holding Out: Instructions. One instruction told the jury the contract did not make the defendant a partner and he could only be liable as such by holding himself out so as to lead to the belief that he was a partner, and another submitted the case on the ground of an actual partnership and impliedly averring that the contract was a partnership contract. Held, the instructions were confusing and the error in the one was not cured by the correctness of the other.

3. ———: ———: ———: ———: Evidence. Held, error also to give an instruction that under certain arrangements the defendants were prima-facie partners and on that plea is directed a verdict, since the implication was that the defendant was a partner by virtue of the written contract and that in face of explanatory evidence contained in the record.

4. ———: ———: ———: ———: ———. Held, also error to instruct the jury that if plaintiff had no knowledge of the contract when he did the work sued for, then it could not be considered in making the verdict.

5. ———: ———: ———: ———: ———. An instruction telling the jury that anyone holding himself out as a partner must have been known to plaintiff and relied upon by him before contracting for the work sued for, and that knowledge obtained after that could not effect the case, should have been given.

6. ———: ———: ———: Evidence. Evidence held sufficient to send the question of partnership to the jury.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED AND REMANDED.

*Ashley, Gilbert & Dunn* for appellant.

(1)   Defendant Epperson's two instructions in the nature of demurrers to plaintiff's evidence at the close of plaintiff's case and at the close of all the testimony should have been given.   (2)   Plaintiff's first instruction singles out one feature of partnership, viz., profit sharing, and then directs the jury to infer from that a prima-facie partnership.   This was clear error for the following reasons.   (3)   This instruction further directs the jury that if the defendants were prima-facie partners, each was bound by the obligations made by the other in conducting said business.   This is telling the jury that prima-facie partners are partners *inter se,* without proper qualification.   Newspaper Co. v. Farwell, 88 Mo. 594; Thompson v. Holden, 117 Mo. 118; Bank v. Altheimer, 91 Mo. 190; Hughes v. Ewing, 162 Mo. 261.   (4)   The jury could not help being confused by these contradictory and conflicting instructions.   And it is impossible to tell after their verdict whether they found Epperson a partner in fact or because he was held out as such.   Frank v. Railway, 57 Mo. App. 181; Baer Lisman, 85 Mo. App. 317; Wojtylak v. Coal Co., 188 Mo. 260.   (5) Plaintiff's first instruction is based on the theory that Epperson was a partner in fact of his codefendants; defendant Epperson's instruction number four peremptorily tells the jury that under the evidence defendant Epperson was not a partner in fact and could only be held liable from the jury finding that he had so conducted himself as to lead the plaintiff (exercising reasonable diligence), to believe that he was a partner of his codefendants and had authorized them to order the photographs in question.   Berryman v. Cox, 73 Mo. App.

67; Standard Oil Co. v. Drug Co., 74 Mo. App. 446. (6) Defendant Epperson's seventh instruction should have been given. After acquired knowledge of a holding out is inadmissible. Rimel v. Hayes, 83 Mo. 200; Gamble v. Grether, 108 Mo. App. 343; Hannah v. Baylor, 27 Mo. App. 302. (7) The written agreement between the defendants did not constitute the defendants partners *inter se*. The formation of a copartnership is one of intention of all the parties thereto which must be. determined from the contract itself and the surrounding circumstances. Mackie v. Mott, 146 Mo. 230; Ewing v. Hughes, 162 Mo. 295; Moorshead v. Railways Co., 203 Mo. 151; Boon v. Turner, 96 Mo. App. 635; MacDonald v. Matney, 82 Mo. 358; Newspaper Co. v. Farrell, 88 Mo. 594.

*L. E. Durham* for respondent.

(1) Reading all of the instructions together will show that they are neither contradictory nor confusing, as claimed by appellant. Plaintiff's instruction number 1 as to what constitutes a prima-facie partnership is not in conflict with defendant's instruction that there was no partnership in fact, neither is it in conflict with defendant's instruction submitting a partnership by estoppel. Trowein v. Haysler, 87 Mo. App. 310; Broughton v. Sumner, 80 Mo. App. 386. (2) Appellant's criticism of plaintiff's instruction numbered 2, to the effect that there was no evidence of assent on the part of defendant Epperson upon which to base the instruction, and his criticism of plaintiff's instruction numbered 3, that there is no evidence of ratification upon which to base same, ignores the testimony in the record. (3) Appellant complains of the action of the court in giving plaintiff's instruction numbered 4, which withdrew from the jury the consideration of the written contract if they found plaintiff had no knowledge of the same. Ford v. Dyer, 148 Mo. 528; Lime & Cement Co. v. Fire Proof Company,

77 Mo. App. 26; 22 Am. and Eng. Ency. of Law, p. 51; Wilcox v. Cox, 12 Ill. App. 517; Kingsbury v. Tharpe, 61 Mich. 216; Insurance Company v. Ross, 29 Ohio St. 429; Cowgill and Owens v. Corby, 15 Mo. 425; Tamblyn v. Scott, 111 Mo. App. 46; Parsons on Partnership, p. 95; Winship v. Bank, 5 Pet. 457; 22 Am. and Eng. Ency. Law, 142; Brownlee v. Allen, 21 Mo. 123. (4) Appellant's complaint that there was no evidence of partnership by estoppel is not well taken. (5) Trial court properly refused appellant's instruction numbered 7. (6) The contract in evidence created by its terms a partnership amongst the defendants; therefore, all of the instructions given in behalf of appellant were erroneous, but the error was decidedly in appellant's favor and consequently he cannot complain. Edmonson v. Jones, 96 Mo. App. 83; Reardon v. Railroad, 114 Mo. 384; Francis v. Railroad, 127 Mo. 675; Baker v. Railroad, 122 Mo. 533; Wilkins v. Railroad, 101 Mo. 105; Christian v. Insurance Co., 143 Mo. 468; Bates v. Forcht, 89 Mo. 122; Cowgill and Owens v. Corby, 15 Mo. 425; Tamblyn v. Scott, 111 Mo. App. 46; Parsons on Partnership, p. 95; Winship v. Bank, 5 Pet. 457; Beecher v. Bush, 7 N. W. 789; 22 Am. and Eng. Ency. Law, pp. 142.

ELLISON, J.—Plaintiff instituted this action against the three defendants as partners. His claim is based on an account for photographs alleged to have been taken by him and furnished to defendants at their request. He obtained judgment in the circuit court for $489, and defendant Epperson alone appealed.

Each of the defendants filed an answer denying the partnership under oath. Defendant Epperson admitted getting photographs of the value of seven dollars, which sum he tendered and for which he offered to permit judgment. The principal controversy here relates to the attempt to make out defendant Epperson's liability by reason of a partnership. It appears that defendants

Winning and Rudd were associated together as partners and that among other matters of partnership was a contract which Rudd had made with the Missouri, Kansas & Texas Terminal Company whereby they were to do a large amount of grading of certain lands in Rosedale, Kansas. That they needed financial assistance to carry out their contract and called upon Epperson to furnish it. The result was a written contract between them, of some length and detail, which was intended to secure Epperson in the advances he should make, by putting the title of the Winning & Rudd partnership property in him as a trustee and further securing to him for such advances a bonus of $3,000 and a certain part of the profit which Winning & Rudd should make out of the contract. We need not set out the contract in full; suffice it to say the trial court rightly held that it did not constitute Epperson a partner, and the case was thus left and could, properly, only be considered from the standpoint of a partnership as to third persons by estoppel.

Thus considered, it is apparent that it was not correctly submitted to the jury by the instructions. In the first place we have the court declaring to the jury by defendant's instruction No. 4, that there was no partnership in fact with Epperson, thus, as just written, properly holding that the contract did not constitute him a partner, and that he could only be held liable by conduct such as to lead plaintiff to believe he was a partner. Yet plaintiff obtained an instruction, No. 1, submitting the case upon the ground of an actual partnership, thus, in that way, affirming that the contract itself was one of partnership. The instructions were confusing and the fact that the one for defendant was right does not cure the error of plaintiff's. [Wojtylak v. Coal Co., 188 Mo. 260; Baer v. Lisman, 85 Mo. App. 317.]

The latter instruction was furthermore erroneous in informing the jury that under certain arrangements between defendants "they were prima-facie partners,"

and then, on that basis, proceeding to direct them, in absolute terms, to find for plaintiff if either of defendants ordered the photographs. To say that defendants were only prima-facie partners is nothing more than to say they were partners unless their relationship was explained. That is to say, they were partners if nothing more was shown. But the case was filled with explanatory evidence and it was therefore highly prejudicial to base an absolute direction on a mere showing of one side of the controversy. The effect of the instruction could not have been less than to direct a verdict for plaintiff on the written contract.

There was also error in giving plaintiff's instruction No. 4, wherein the jury were told that if plaintiff had no knowledge of the existence of the written contract when he did the work sued for, then it should not be considered by them in making a verdict. As explained by the trial court when it was introduced, the contract was made proper evidence for defendant by the course of the evidence as drawn out by plaintiff. It was proper evidence as tending to explain the connection which Epperson had with the other defendants; and as tending to show that his connection and association with them was for other purposes than partnership. [Scholtz v. Freund, 128 Mich. 72.]

Defendant asked and was refused an instruction (No. 7) in which it was declared that any holding out by defendant Epperson as a partner must have been known to plaintiff and relied upon by him before contracting the pictures sued for and that knowledge obtained after that could not affect the case. The theory of holding oneself out as a partner when in point of fact he is not as between himself and those charged to be his copartners, is that he has, by conduct, led persons dealing with the supposed partners into the belief that a partnership existed. Matters leading to this belief must, of course, have transpired before the belief became fixed in the creditor's mind. The instruction should have been

given. [Rimel v. Hays, 83 Mo. 200; Gamble v. Grether, 108 Mo. App. 1. c. 343.]

We have been cited by plaintiff to the cases of Bennett v. Mining Co., 110 Mo. App. 317, and Tamblyn v. Scott, 111 Mo. App. 49, but we do not see where they apply to the case at bar.

Defendant has suggested that there was no evidence whatever of a partnership. This excludes any reasonable inference to be drawn from the evidence. After consideration we feel we would not be justified in so ruling. The case, if tried again, should be on the question whether defendant by a course of conduct, before the contract, led plaintiff to believe he was a partner. The judgment is reversed and cause remanded. All concur.