CARNIE-GOUDIE MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.[1]

Docket Nos. 20074, 27095. Promulgated January 21, 1930.

*Phil D. Morelock, Esq.,* for the petitioner.
*L. A. Luce, Esq.,* for the respondent.

[1] Motion for rehearing granted March 3, 1930.

894

OPINION.

LANSDON: At the hearing of these proceedings the respondent confessed error in reducing the petitioner's invested capital for 1921 in the amount of $16,372.67, which should be restored thereto in the recomputation of any deficiency herein redetermined. Three other questions are presented for our determination, viz, (1) the status of the firm known as " Goudie Brothers " as a business entity; (2) the relationship between the petitioner and the Lux Fibre Co. as to

being affiliated corporations within the taxing statutes during the years in question; and (3) whether the delinquency penalty for 1922 should be imposed.

In respect to the first of these questions, regardless of the original purpose of the petitioner in opening the store at 804 Walnut Street, the record clearly shows that at some time prior to the expiration of its first month's operation, the petitioner decided to change its plans and thereafter to conduct this business under the guise of a partnership to be known as " Goudie Bros. Co-partners." In doing this it denies any intent on the part of itself or the three Goudie brothers to effect a partnership, but admits that it deliberately made the change for the specific purpose of leading the public to believe that such a partnership had been formed and that it, and not the corporation, was the owner and operator of said store. The reasons given for this change in plans seem reasonable, so far as business reasons go, but they would be equally good to support the partnership theory, as contended for by respondent.

The question here, after all, is not so much as to what the petitioner and its officials, in whose names the so-called partnership was conducted, thought they were creating when they projected this fictitious firm into the field of retail merchandising as to what they in fact did create. The record clearly shows that they intended the public to believe that the retail store on Walnut Street was being conducted by the three Goudie brothers as copartners. The books show that the profits from this business for 1920 were divided equally between L. R. Goudie, C. R. Goudie and G. W. Goudie, as partners. They also show that this firm paid, for the single month that it operated in that year, $1,500 as rent, whereas the lease under which the petitioner acquired possession of these premises, called for no rentals until January 1, 1921, and then at the rate of $800 per month only.

The petitioner's auditor, who had audited its books for many years and was familiar with its business, prepared the income-tax return for the business conducted at this store, and this return, which is signed by petitioner's treasurer, certified that the business is owned and conducted by " Goudie Bros. Co-partners." It sets forth the names of these partners and also shows the profits for 1920, as having been distributed as above stated. The insurance policy on the goods in stock was also changed to show this alleged partnership as being owners of this business; and payment thereunder for losses sustained thereafter was collected by the alleged partners in a suit brought in their names as such. Had these individuals been sued at this time, as copartners, for the debts of this Walnut Street store, it is difficult to see how they could have suc-

cessfully defended themselves upon the theory that they were not partners, since their liability to third persons depends, not upon their relations *inter se*, but upon what they represent themselves to be. In other words, their acts, not their intentions, make them partners in contemplation of law. *Stephensen* v. *Cornell*, 10 Ind. 475; *Young* v. *Smith*, 25 Mo. 341; *Brown* v. *Epperson*, 136 Mo. App. 57; 118 S. W. 528; *Bissell's Ex'rs.* v. *Warde*, 129 Mo. 439; 31 S. W. 228.

Notwithstanding the testimony that the Goudie brothers did not contemplate the formation of a partnership in fact, it is not clear that such was not their intention from the first. The record discloses that the Walnut Street store earned substantial profits in the first taxable period of its operation, and that such profits were not taken into the income of the corporation but were shared equally by the three Goudies as the distributable net earnings of a partnership. Carnie, who was the owner of a substantial stock interest in the corporation and one of its directors, received no part of such profits, either directly as a partner or indirectly as a stockholder of the corporation. This seems to indicate that the Goudies contemplated a partnership, the profits of which were not to be shared either with the corporation or the other officers thereof. The Commissioner has disallowed the deduction claimed on the theory that the Walnut Street store was a separate business conducted by the three Goudie brothers. We think the evidence adduced by the petitioner fails to overcome the presumption that his determination is correct.

Petitioner claims that it was affiliated with the Lux Fibre Co. during 1922. The two tests for determining affiliation, provided for in the taxing statute, are (1) the ownership or control, directly or through closely affiliated interests or a nominee or nominees by a corporation of substantially all the stock of another corporation, or (2) the ownership or control by the same interests of substantially all of the stock of the two corporations. The petitioner owned " approximately " 78 per cent of the stock of the Lux Fibre Co. during 1920. Such, we have previously held, does not constitute such " ownership or control " as to satisfy the second statutory test for determining affiliation for tax purposes. *American Auto Trimming Co.*, 6 B. T. A. 1007; *Central Auto Equipment Co.*, 7 B. T. A. 1068; *Hatzel & Buehler, Inc.*, 10 B. T. A. 993. Cf., also, *Schlafley* v. *United States*, 4 Fed. (2d) 195. Petitioner says, however, that, because of a loan made by it to the Fibre Co. and an option held giving it the right to purchase the remainder of that company's stock, control over the economic affairs of the Fibre Co. was surrendered to its officers, by reason of which they dominated such company; and argues that domination and control of the affairs of the Fibre Co. during said year affiliated the two corporations within

the purview of the Act. We do not know what interests, power, control or obligation the petitioner acquired or assumed by virtue of the option, since it is not in evidence. Even if the stock certificates covered thereby were surrendered to the Fibre Co. and placed in escrow, it does not follow that the petitioner exercised any voting control or any other sort of control thereof except the right to buy under certain conditions that are not disclosed by the record and which on the facts we must conclude was not exercised until after the close of the taxable period. In our opinion the evidence falls far short of proof that by reason of its option the petitioner controlled the stock owned by the minority interests of the Lux Fibre Co.

The petitioner's treasurer, L. R. Goudie, was, during this period, vice president of the Fibre Co., and attended most of the meetings of its board of directors. He testified that he " practically " dominated the affairs of this company and that there was never any objection raised by other members of the board to his control. Assuming, for present purposes, that the witness, in the conclusions expressed, correctly measured the extent of his control over the affairs of the Fibre Co., we are unable to consider it material here, in view of our previous holdings that control of a corporation is unimportant in the absence of the control of the voting stock. *S. N. & C. Russell Manufacturing Co.*, 16 B. T. A. 501; *Great American Store Co.*, 14 B. T. A. 320. The action of the respondent in holding that the petitioner and the Lux Fibre Co. were not affiliated corporations in the taxable year is sustained.

Section 3176 of the Revised Statutes provides for a 25 per cent delinquency penalty " except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax." Petitioner admits that its tax return for 1922 was not timely filed. As explanation therefor it shows that such return was made out in time, but due to the oversight of some employee was not at once filed and that as soon as the oversight was discovered it was corrected. An examining agent testified that the petitioner has a good reputation for meeting its tax bills and that in his opinion the failure to file on the due date was a mere oversight and that there was no willful neglect. We are satisfied that the delay was not due to willful neglect. The penalty for delinquency should not be collected.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TRAMMELL, dissenting: In my opinion, the evidence shows that the general retail store was in fact not a partnership. It may well be that under the facts the individuals could in a proper case have been held liable as partners, but this fact is not material. They must have been so in fact if the tax liability is to be determined on that basis. In my opinion, the evidence shows that in fact the individuals did not operate as a separate business.