Irving and Sallee Held v. Commissioner.
Held v. Commissioner
Docket No. 3037-67.
United States Tax Court
T.C. Memo 1969-281; 1969 Tax Ct. Memo LEXIS 15; 28 T.C.M. (CCH) 1446; T.C.M. (RIA) 69281; December 22, 1969. Filed Arthur Pelikow, for the petitioners. Jay S. Hamelburg, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency against petitioners consisting solely of an addition to tax in the amount of $1,163.28 for failure to file a timely return for the taxable year 1961 under section 6651(a) of the Internal Revenue Code of 1954. [1]
Petitioners are husband and wife and had their legal residence in New York City, New York, at the time the petition herein was filed. Their joint Federal income tax return for the calendar year 1961 was filed 1447 with the district director of internal revenue, Brooklyn, New York. The *16 return is dated June 12, 1963 and was received in said district director's office on June 17, 1963. Petitioners' 1961 return was required to be filed on or before April 15, 1962. There is no evidence that any extension of time was ever requested. Petitioner Irving Held testified that the return was prepared by the accountant who had prepared his individual returns and those of the corporations in which he was the principal stockholder and employee for over twenty-five years. He further testified that he and his wife relied entirely on the accountant to see that the return in question was prepared and timely filed. The sole question herein is one of fact, namely, whether petitioners' failure to file a timely return was "due to reasonable cause" within the meaning of section 6651(a). Coates v. Commissioner, 234 F. 2d 459 (C.A. 8, 1956), affirming a Memorandum Opinion of this Court. Although there is some question whether petitioners in fact relied upon their accountant as claimed, we will assume for the purpose of decision that they did. There is no question herein that petitioners were required to file a return and that it was not timely filed. Moreover, the evidence *17 shows that it was not even prepared in time to be timely filed. Compare Carnie-Goudie Manufacturing Co., 18 B.T.A. 893, 900 (1930), modified as to another issue on rehearing, 24 B.T.A. 679 (1931). Under such circumstances, petitioners' reliance on their accountant is not reasonable cause, and we so find. Logan Lumber Co. v. Commissioner, 365 F. 2d 846, 854 (C.A. 5, 1966), affirming on this issue a Memorandum Opinion of this Court; Bar L Ranch, Inc. v. Phinney, 272 F. Supp. 249, 250-251 (S.D. Texas 1971), affirmed on other issues 400 F. 2d 90 (C.A. 5, 1968); Hyman B. Stone, 22 T.C. 893, 903 (1954); Home Guaranty Abstract Co., 8 T.C. 617, 622 (1947); Malcolm Clifton Davenport, 6 T.C. 62, 67 (1946). Decision will be entered for the respondent. Footnotes
1. A deficiency arising out of the disallowance of a capital loss carryover was assessed and paid.↩