STONE v. HUNT, *Executrix, Appellant.*

1. **Practice**: INSTRUCTIONS: ASSUMING FACTS. In an action for damages caused by negligently tearing down the walls of an adjoining building, instructions which assume that the damage resulted from the carelessness or negligence of those engaged in taking down the walls are erroneous and should not be given.

2. **Negligence** : TEARING DOWN WALLS. In an action for damages caused by negligently tearing down the walls of an adjoining building, the defendant cannot be held liable, unless the acts of those engaged in the work were negligent.

3. **Practice** : REPUGNANT INSTRUCTIONS. It is error to give instructions which are repugnant and inharmonious.

4. ———— : CONTRIBUTORY NEGLIGENCE. Unless there be a plea of contributory negligence, any evidence on that point is inadmissible and irrelevant.

*Appeal from St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*Napton & Frost* for appellant.

(1) The plaintiff should have been non-suited. 82 Mo. 150. The case as established falls within the rule that the owner is not responsible for the damages done on or by the use of real estate when the relation of master and servant does not exist between him and the person causing the injury. *Berry v. St. Louis*, 17 Mo. 125; *Morgan v. Bowman*, 22 Mo. 546; *Clark v. Railroad*, 36 Mo. 228; Whart. on Neg., sec. 818; Thomp. on Neg., secs. 914–15; *Blumb v. Kansas City*, 84 Mo. 112. (2) The third instruction given by the court of its own motion is erroneous. *Gorham v. Gross*, 125 Mass. 232; *Crawshaw v. Sumner*, 56 Mo. 517. It is in conflict with other instructions given. *Sullivan v. Railroad*, 88 Mo. 169. (3) Hunt cannot be held liable unless he was in possession and control of the house. (4) There was abundant evidence of contributory negligence on plaintiff's part introduced without objection; therefore, the instructions asked by defendant on contributory negligence should have been given, although it was not pleaded. Bliss on Code Pleading, sec. 329, *ad fin.*, and note 4; *Jones v. Railroad*, 42 Wis. 306; *Jonesboro v. Baldwin*, 57 Ind. 86; *Hathaway v. Railroad*, 46 Ind. 25; *Railroad v. Rutherford*, 29 Ind. 82; *Schans v. Manhattan*, 14 Abb. Pr. (N. S.) 371. A careful examination of the Missouri decisions shows that there is nothing in them to controvert this position, especially since the statute allowing general denials. *Wheeler v. Tensley*, 75 Mo. 458; *Sparling v. Conway*, 75 Mo. 510; *Ellet v. Railroad*, 76 Mo. 518; *Cousins v. Railroad*, 66 Mo. 572; *Farner v. Simmons*, 10 Mo. App. 596. Contributory negligence may be given in evidence under the general issue. 2 Col. 154; 3 M. & W. 244; 86 Mo. 104. (5) The court erred in admitting Stone's testimony as to value. *Dunlap v. Snyder*, 17 Barb. 561; 2 Sedg. on Dam. 585, 633–6.

*Dyer, Lee & Ellis* for respondent.

(1) The proof in this case fully supports the averments of the petition, which is drawn upon the same theory, and in substantially the same language, as the petition in the case of *Dillon v. Hunt,* which was held to be good by this court. 82 Mo. 150 ; *Althorpe v. Wolfe,.* 22 N. Y. 359 ; *Gray v. Boston,* 114 Mass. 153. (2) The instructions given by the court to the jury correctly declared the law. Where a material allegation of a petition is practically uncontroverted in the proof adduced before a jury, as in this case, the court will not reverse the case because the instruction does not cover the undisputed facts. This is the well-settled law in this state. *Barr v. Armstrong,* 56 Mo. 577 ; *Caldwell v. Stephens,* 57 Mo. 589 ; *Falls v. Railroad,* 80 Mo. 203 ; *Hall v. Railroad,* 74 Mo. 298. (3) The appellant insists that the court committed error in refusing his instruction asked upon the subject of the contributory negligence of the plaintiff, although it was not pleaded. We submit that this question has been settled adversely to the appellant's position by too many adjudicated cases to be the subject of further controversy in this state. *Buesching v. Gas Light Co.,* 76 Mo. 219 ; *Thompson v. Railroad,* 51 Mo. 191 ; *Stephens v. Macon,.* 83 Mo. 345 ; *Donovan v. Railroad,* 89 Mo. 150 ; *Lloyd v. Railroad,* 53 Mo. 509 ; *Petty v. Railroad,* 88 Mo. 306 ;. *Thorpe v. Railroad,* 89 Mo. 655.

SHERWOOD, J.—Action for damages caused by the falling of the walls of the building of Charles L. Hunt. The petition charges that, about the fourteenth day of November, 1877, the interior and combustible portions of defendant's building were destroyed by fire, leaving certain interior and exterior walls and chimneys standing ; that, from the time of said fire until the seventeenth

day of November, 1877, said walls and chimneys were, as the defendant well knew, in an unsafe, insecure, and dangerous condition, and were a nuisance and liable at any time to fall over and upon the adjoining premises and cause injury to the property of others; that the defendant was in possession of said premises and had full and exclusive control thereof; that, on or about the seventeenth day of November, 1877, the defendant allowed and permitted certain persons to enter upon said premises for the purpose of removing said walls and chimneys and abating said nuisance, and that said persons tore down said walls and chimneys, and that in doing so they negligently and unskillfully pushed, or caused the same, or portions thereof, to fall over and upon the house occupied by the plaintiff, thereby crushing and destroying said house and covering and breaking the said personal property of the plaintiff contained therein with the *débris* of the defendant's premises; that defendant knowingly and negligently suffered and permitted said persons to go upon his said premises and tear down said walls and chimneys, and that their action enured to the defendant's benefit; that it was the duty of the defendant to abate said nuisance and remove said walls and chimneys in a proper manner, and without detriment to the plaintiff; that the defendant knew, or had good reason to know, that said persons who undertook to tear down said walls intended to adopt, and did adopt, an improper, unsafe, and dangerous method of removing and tearing down the same, and that the defendant, in neglecting to do his duty as the owner of said premises, knowingly permitted said work to be proceeded with, which resulted in the falling of said walls of the defendant's building, whereby the plaintiff's premises were injured; and that, by reason of the negligence and carelessness and trespass of the defendant, the plaintiff was damaged in the sum of sixty-

two hundred and fifty dollars, for which he prays judgment. The answer of the defendant was a general denial.

The evidence warranted the giving of the instructions of the nature and substance as follows :

"1. The jury are instructed that they cannot find for the plaintiff, unless they find that defendant was guilty of some negligence in reference to the taking down of the walls as declared in the other instructions given."

"2. The court instructs the jury that if they find, from the evidence, that the building mentioned in plaintiff's petition, and therein alleged to have been destroyed by fire, was, when so destroyed, owned by the defendant, and that he was collecting the rents therefor prior to said fire, and that he knew, or had good reason to know, that the walls of said building which were standing after said fire, or either of said walls, were in an unsafe or dangerous condition, then it was the duty of defendant to take down or remove said dangerous walls ; and even if the jury find that certain persons, without defendant's knowledge or consent, went upon said premises and began to take down said walls, yet if the jury believe that defendant knew, or, by the exercise of reasonable care, might have learned that said persons were so engaged in taking down said walls or either of them, then the defendant is liable for such damage to plaintiff as resulted to him by reason of the carelessness or negligence of said persons so engaged in taking down said walls."

"3. Of its own motion, the court instructs the jury that, under the evidence of defendant, Hunt, he is to be regarded as owner and in possession of the building adjoining the one occupied by plaintiff at the time of the fire. If, after the fire, the walls of said building of defendant were left standing, and were weak and dangerous, and liable to fall, then it was defendant's

duty to take measures for securing said walls or removing the same with safety ; and if he neglected this duty, having notice that the walls were dangerous, and suffered and permitted third persons to go upon said walls, and if, in consequence of the acts of such third persons, the walls or one of them were thrown upon the building occupied by the plaintiff, and plaintiff's property was injured in consequence thereof, the defendant will be liable in this action."

"4. If the jury find for the plaintiff they will assess his damages at such sum as they find from the evidence he has sustained by reason of the injury to, or destruction of, the property mentioned in plaintiff's petition."

"5. The jury are instructed that if they find for the plaintiff they will assess his damages at the market value in St. Louis, at the time of the accident, of the goods destroyed, and not at any speculative or fanciful value, and they are to disregard all evidence of what any one had given or might give for any article, and consider only evidence tending to show what the articles would bring when offered for sale."

These were all the instructions given.

I. There was error committed in the second and third instructions in these particulars : The second instruction assumes the existence of certain facts, to-wit : It assumes, in its latter portion, that damage resulted to plaintiff "by reason of the carelessness or negligence of said persons so engaged in taking down said walls." *Comer v. Taylor*, 82 Mo. 341 ; *Donnel v. Bank*, 80 Mo. 165 ; *Peck v. Ritchey*, 66 Mo. 114 ; *Washington Mut. Fire Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480 ; *Moffatt v. Conkling*, 35 Mo. 453. The third instruction is erroneous, because it allows a recovery against the defendant if he "suffered and permitted third persons to go upon said walls, and if, in consequence of the *acts*

of such third persons while on said walls, making efforts to remove the same, the walls or one of them were thrown upon the building occupied by the plaintiff," etc. In no event could the defendant be held liable unless the acts of those third persons were *negligent acts*. As the instruction stands it makes the defendant liable even if the acts in question were those of the most careful in their nature. This instruction is also erroneous in that it conflicts with the second instruction, aforesaid; the latter instruction requiring negligence on the part of third persons engaged in removing the walls, as a condition to defendant's liability; the former instruction requiring none. It is simply impossible to harmonize these instructions, or to tell which one the jury took for their guide. *Frederick v. Allgaier*, 88 Mo. 598.

II. The doctrine is well settled in this state, that, unless there be a plea of contributory negligence, any evidence on that point is wholly inadmissible, and irrelevant.

For the errors aforesaid, the judgment should be reversed and the cause remanded. All concur, except Ray, J., absent.