## HANNON, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 3, 1903.

1. **Street Railways: CARRIER OF PASSENGERS: INJURY TO PASSENGER ALIGHTING: TIME ALLOWED.** Where plaintiff was delayed by assisting her small companion to get off defendant's car, it was the duty of defendant's servants to have caused the car to remain at rest to permit plaintiff to alight in safety under such conditions.

2. **Variance.** The petition alleged that defendant's car started before plaintiff had time to alight; proof that the car failed to stop long enough for plaintiff to alight, in view of delay occasioned by her assisting a small companion to alight: *Held,* no variance.

3. ————: **PROPER SHOWING.** No mere variance will warrant a reversal, without a showing in the manner designated by statute.

4. **Street Railways: EVIDENCE: IMPEACHMENT.** Evidence that the conductor, while assisting plaintiff to arise, recognized that she had been thrown from the car, is admissible to impeach him, he having testified that the car did not start until after plaintiff alighted.

**5. Personal Injuries:** VALUE OF MEDICAL SERVICES. Instructions authorizing recovery for expenses necessarily incurred for surgical attention, instead of the reasonable value thereof, is not prejudicial error, where the evidence showed that plaintiff paid her physician $20 for his services.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) Defendant's refused instruction No. 1-A, should have been given. The evidence did not correspond with nor support the allegations of the complaint. Raming v. Railroad, 157 Mo. 477; Hite v. Railroad, 130 Mo. 132; Waldhier v. Railroad, 71 Mo. 514; Ensworth v. Barton, 60 Mo. 511; Harris v. Railroad, 37 Mo. 307. (2) This court has always held that you can not state one cause of action and recover upon another. Beck v. Ferrara, 19 Mo. 30; Link v. Vaughn, 17 Mo. 585; Duncan v. Fisher, 18 Mo. 403; Robinson v. Rice, 20 Mo. 229; Houston v. Forsythe Scale Works, 56 Mo. 416; Eyerman v. Cemetery Assn., 61 Mo. 489; McManamee v. Railroad, 135 Mo. 440; Waldhier v. Railroad, supra; Clements v. Yates, 69 Mo. 623. (3) An instruction must be predicated on the evidence and the pleadings, and not on the pleadings alone where there is no evidence in support of their allegations. Paddock v. Somes, 102 Mo. 266; Bergman v. Railroad, 104 Mo. 77; Railroad v. Railroad, 118 Mo. 599; Dunham v. Joyce, 129 Mo. 5; Macke v. Davis, 61 Mo. App. 524; Marr v. Bunker, 92 Mo. App. 651. (4) The instruction is erroneous for the further reason that it fails to specifically state the care plaintiff was required to exercise in attempting to alight from the car. Culberson v. Railroad, 50 Mo. App. 556; Strauss v. Railroad, 75 Mo. 185; Strauss v. Railroad, supra; Hurt v. Railroad, 94 Mo. 255; Sanitary

Dairy Co. v. St. Louis Transit Co., 71 S. W. 726. (5) Plaintiff's instruction No. 2 should not have been given. Smith v. Railroad, 108 Mo. 243; Morris v. Railroad, 144 Mo. 500; Robertson v. Railroad, 152 Mo. 382; State ex rel. v. Gage Bros. & Co., 52 Mo. App. 464; Orscheln v. Scott, 79 Mo. App. 542. (6) The evidence as to the conversation between plaintiff and the conductor after the injury was improperly admitted. (a) Such testimony was incompetent as part of the *res gestae.* Adams v. Railroad, 74 Mo. 553; Devlin v. Railroad, 87 Mo. 545; Senn v. Railroad, 108 Mo. 142; Barker v. Railroad, 126 Mo. 143; Ruschenberg v. Railroad, 161 Mo. 70; Suly v. Railroad, 17 N. Y. 133; Koenig v. St. Louis Transit Co., 73 S. W. 637. (b) Such testimony was incompetent as an admission of the defendant. Price v. Thornton, 10 Mo. 135; McDermott v. Railroad, 73 Mo. 516; Rice v. City of St. Louis, 165 Mo. 636; Huffcut on Agency, p. 181; McFadin v. Catron, 120 Mo. 263; Roe v. Bank, 167 Mo. 406; Muth v. Trust Co., 94 Mo. App. 94; 1 Thompson on Trials, sec. 493; Sweeney v. Railroad, 150 Mo. 385; 1 Greenleaf Evid. (14 Ed.), sec. 444; Adams v. Wheeler, 97 Mass. 67; Bondurant v. State, 125 Ala. 31; Henderson v. State, 1 Tex. App. 432; Wolf v. State, 25 Tex. App. 698; State v. Davis, 78 N. C. 433; Herstine v. Railroad, 151 Pa. 244.

*A. R. Taylor* for respondent.

When a party claims a variance exists, he must proceed as the statute directs, or the objection is waived. Ridenour v. Railroad, 102 Mo. 285; Bank v. Leyser, 116 Mo. 68; Howard County v. Baker, 119 Mo. 406.

REYBURN, J.—This action for damages for personal injuries was commenced before a justice of the peace of the city of St. Louis, in which, without reciting the formal allegations, the averments requisite for the consideration of the questions presented are as follows:

"That on the twenty-third day of June, 1902, the defendant, by its servants in charge of its car, received the plaintiff as a passenger thereon at Randolph street and Jefferson avenue, and, for a valuable consideration paid by the plaintiff to the defendant, the defendant undertook and agreed with the plaintiff to safely carry her to her point of destination on defendant's line—Gamble and Jefferson avenue—and there stop said car and allow the plaintiff a reasonable time and opportunity to leave said car. Yet the plaintiff avers that the defendant unmindful of its undertaking and of its duty in the premises, did, whilst the plaintiff was proceeding to alight from said car at said point, and whilst she was in the act of alighting, and before she had a reasonable time or opportunity to so alight, negligently cause and suffer said car to start and move, whereby the plaintiff was thrown from said car and injured."

The evidence of plaintiff tended to show that, in company with her niece, at about nine o'clock in the evening of the day named, she boarded a north-bound Jefferson avenue car at Randolph street intending to get off at Gamble street. The car was an open or summer car with seats at right angles to the length of the car, and running boards along each side for entering and leaving the car, and plaintiff took an outside or east seat with the child next to her. After due payment of fare, plaintiff states that she gave the usual signal for the car to stop at Gamble street; that the car stopped and she had stepped upon the east running-board to take off the child, when the car lurched forward, and she was thrown to the street, receiving the hurts complained of, the child remaining on the car which ran but a few feet before being stopped.

The testimony of the child, whose age does not appear, substantiates the description of the occurrence given by her aunt.

The testimony of these two witnesses, with proof of

the nature and extent of plaintiff's injury by a prominent physician, constituted plaintiff's evidence, and in its defense, defendant introduced its conductor, motorman and two lady passengers, whose testimony conflicted with that of plaintiff and the child, and tended to establish that the car had remained stationary until after plaintiff had gotten off when she tripped and fell.

The first and second propositions advanced by appellant, that the evidence did not correspond with or support the allegations of the petition and that the first instruction for plaintiff should not have been given, may be treated together.

The instruction arraigned is as follows:

"If the jury find from the evidence that  on the twenty-third day of June, 1902, the defendant was operating the car mentioned in the evidence, for the purpose of carrying passengers for hire; and if the jury find from the evidence that on said day the plaintiff was, by the defendant's servants in charge of its car, received as a passenger thereon; that she paid her fare; that the car stopped at her destination to allow her to get off and that whilst she was in the act of getting off, the defendant's servants in charge of said car, caused or suffered it to start, before she had reasonable time to get off, and that thereby the plaintiff was thrown from said car and injured; and if the jury believe from the evidence that the plaintiff was exercising ordinary care at the time, then she is entitled to recover."

Defendant, in effect, contends that the testimony proves beyond dispute that the car was stopped sufficiently long to enable plaintiff individually to alight in safety, and that if she had not paused to assist her niece, she would not have been injured.  This contention does not impress us with much force.  It was the duty of the servants of defendant in charge of the car, perceiving, as they should have done, if in the proper exercise of their employment, the delay occasioned to plaintiff in assisting her small companion to get

off, to have caused the car to remain at rest to permit the plaintiff to alight in safety under the conditions attending her situation, and the law does not exact of her to abandon her youthful associate.

It might be further replied, if further answer to these objections were deemed essential, that defendant failed to take advantage of or to bring itself within the protection of the statute provided where the variance between the allegation and the proof is deemed material. Sec. 655, R. S. 1899. It has been repeatedly held that without such showing in the manner designated by statute no mere variance will warrant a reversal. Ridenhour v. Railway, 102 Mo. 270, and cases cited.

2. In the cross-examination of the conductor of the car, plaintiff was permitted to interrogate this witness as follows:

"As soon as I saw her I went to her assistance. She was then rising, and the little girl was by her side.

"Q. Didn't you then say to her, 'I didn't know the little child was with you, I thought you were off?' A. No, sir; I didn't say it.

"Q. Didn't you then say, 'Why didn't you wait until the car stopped?' A. I did; I asked her why she got off before it stopped.

"Q. You asked her why didn't she wait until the car stopped? A. Yes, sir; and she said the car was stopped when she got off."

Objection is made to this testimony as inadmissible either as part of the *res gestae,* or as admissions on part of defendant. Without deeming it necessary to consider or determine whether these objections were tenable, the conductor in his examination in chief had stated that the car had stopped; that plaintiff had gotten off the car, and he looked around to see if everything was all right, when he saw plaintiff on the ground on her knees, apparently; that he got off and went to her assistance, and that from the time the car stopped, it did

not move at all until after he had assisted her up and taken her name; that the car had given no sudden lurch while plaintiff was standing on the running-board, and from the time the car stopped until he gave the signal to go ahead, after he had taken her name and assisted her to arise, the car did not move. This evidence, elicited on cross-examination, was material and entirely proper for the purpose of impeaching the witness as tending to show that at the time of the occurrence, while assisting plaintiff to her feet, he recognized that she had been thrown from the car.

3.    Plaintiff's second instruction is as follows:

"If the jury find for the plaintiff they should assess her damages at such sum as they believe from the evidence will be a fair compensation to her. First. For any pain of body or mind which the jury may believe from the evidence she has suffered or will suffer by reason of said injuries. Second. For any loss of the earnings of her labor which the jury may believe from the evidence she has sustained by reason of said injuries. Third. For any expenses necessarily incurred for medicines, medical or surgical attention, which the jury may believe from the evidence the plaintiff has sustained, or will incur, by reason of said injuries, and directly caused thereby."

This portion of the charge is questioned as failing to leave to the decision of the jury whether or not the amount paid for medical or surgical attention was reasonable. The abstract of the testimony showed that the plaintiff had paid the physician $20.

In Gorham v. Railway, 113 Mo. 408, the instruction assailed was in language following:

"2.    If you find for plaintiff, you will, in assessing his damages, take into consideration his age and condition in life, the injury sustained by him, if any; the physical pain and mental anguish suffered and endured by him on account of said injury, if any; his loss of time if any; such damages, if any, as you believe from the

evidence he will sustain in the future as the direct effect of such injury; such sums as he has paid out for medical attention on account of said injury, if any; together with all the facts and circumstances in evidence in the cause; and assess the damages at such sum as from the evidence you may deem proper, not exceeding $15,000, the amount sued for."

And the Supreme Court said:

"Defendant next points out a supposed error in the second of plaintiff's instructions, in that there was no evidence that plaintiff had paid out any sums of money for medical attendance. The criticism is true. There was no proof that he had paid anything for such attention; but there was proof that he had become liable for such payment. There was positive testimony by plaintiff's physician (uncontradicted by defendant) touching the nature and amount of his services to plaintiff, and that their value 'was about $50.' The instruction would have been more accurate had it called for a recovery of the reasonable value of the necessary medical aid rendered to plaintiff, instead of 'such sums as he paid out for medical attention on account of said injury, if any.' But we do not regard such error as materially prejudicial to the substantial rights of the defendant upon the merits, and hence consider it no ground for a reversal of the judgment, in view of the positive terms of the statutes to that effect." Revised Statutes 1889, secs. 2100 and 2303.

No reversible error is shown in the record and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.