VERMILLION, Respondent, v. PARSONS, Defendant; PARSONS, Interpleader, Appellant.

### St. Louis Court of Appeals, May 10, 1904.

EVIDENCE: Declarations: Hearsay. In an action by attachment against a husband, where his wife interpleaded, claiming the property attached as having been purchased with her independent means, a declaration by the husband to a witness that he owned the property was inadmissible as against her.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

REVERSED AND REMANDED.

*Joseph French* and *Davis & Steele* for appellant.

*D. H. Kemp* for respondent.

GOODE, J.—This case was here on a former appeal and is reported in 101 Mo. App. 602. The same error was committed on the last trial of this case that occurred on the previous trial, and for which the former judgment was reversed, namely; permitting the plaintiff to prove a statement made by L. C. Parsons, the husband of the interpleader, that he owned the property in question. The controversy is over certain household goods which were attached as belonging to L. C. Par-

sons and interpleaded for by his wife as her own property. A witness by the name of Williams was allowed to testify, over the interpleader's objection, that Parsons said to him that he (Parsons) owned the property in dispute. Mrs. Parsons claims title to most of the property as having been purchased with her independent means and she stood in no relation of privity to her husband in regard to that part of the property. The declaration of Parsons was in his own interest and made to induce a belief in the mind of Williams, who was his creditor and pressing him for payment, that he owned the property. It was made, too, while he was not in possession, unless a man can be said to be in possession of furniture belonging to his wife because he lives with his family in the house where the furniture is used. It was incompetent as against his wife, as we ruled in the previous opinion. 1 Greenleaf Evidence (Lewis Ed.), sec. 190; Vermillion v. LeClare, 89 Mo. App. 55; Claflin v. Sommers, 39 Mo. App. 419.

For the admission of this testimony the judgment must be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Reyburn, J.,* concur.