VERMILLION, Respondent, v. PARSONS, Defendant; MRS. L. C. PARSONS, Interpleader, Appellant.

**St. Louis Court of Appeals, April 24, 1906.**

1. **ATTACHMENT: Interpleader.** This case was before the court on two former appeals and reported in 101 Mo. App. 602, and 107 Mo. App. 192. On the last trial several errors pointed out on the former appeals were repeated.

2. ———: ———: **Burden of Proof.** On the trial of the issues between a plaintiff in attachment and an interpleader for the property attached, if the property was in possession of the interpleader, the burden of proof was upon the plaintiff, and an instruction placing the burden upon the interpleader without qualification was erroneous.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper*, Judge.

REVERSED AND REMANDED (*with directions*).

*T. D. Steele* for appellant.

*D. H. Kemp* and *Woodford & Mann* for respondent.

BLAND, P. J.—This is the third appeal of this case. The facts of the case and the law governing it will be found in opinions filed on the former appeals, in 101 Mo. App. 602, and 107 Mo. App. 192. On the last trial, the court, and counsel for plaintiff, either overlooked or mis-

interpreted the rulings of this court on the former appeals, and repeated several errors that occurred on the previous trials which were pointed out in the former opinions. The following are the principal ones: First. The evidence tends to show that the attached property claimed by the interpleader was in her possession, and the court correctly instructed the jury for interpleader, that if they found she was in possession of the property, the burden of proof was on the plaintiff, but in an instruction given for plaintiff (No. 3) the court told the jury, without qualification, that the burden of proof was on the interpleader. Second, The court admitted declarations of interpleader's husband, not made in her presence, that he was the owner of the property. Third. Plaintiff's first instruction is without any substantial evidence to support it and should have been refused. Fourth. Too wide a scope was given to the cross-examination of the interpleader, in respect to the declarations of her husband, not made in her presence, to the effect that he owned the goods, and in respect to her knowledge that he was making such a claim. Fifth. The undisputed evidence is that one barrel of chinaware, claimed by the interpleader, is the property of a third party, Mrs. Curry, and that the mackintosh attached is the property of Mrs. Fuller, and that both these articles had been placed in the hands of the interpleader by the owners to be taken care of by her. As to these articles, there should have been a direction to find for the interpleader. For these errors the judgment is reversed and the cause remanded with special directions to the trial court to try the case in accordance with the views of this court herein and heretofore expressed on the former appeals.

The judgment is reversed and the cause remanded. All concur.