Bratton v. Porter.

---

## HARRY W. BRATTON, Respondent, v. RENA PORTER, Appellant.

Kansas City Court of Appeals, November 21, 1910.

INSTRUCTIONS: Assuming Matter in Issue. Where it is an issue whether there was any difference in the actual rental value of land and the rent agreed upon, it is reversible error for an instruction to assume there was a difference.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*John A. Cross* and *R. H. Musser* for appellant.

(1) The court did commit error in refusing defendant's instruction. We understand it to be the law, that in all cases of ouster *in pais* when there has been no judgment, the burden of proof is upon the covenantee to establish the paramount title to which he has yielded. Deckran v. Disen, 23 Mo. 28; Hall v. Bray, 51 Mo. 288a; Morgan v. Railroad, 63 Mo. 129; Egan v. Martin, 71 Mo. 65; Ward v. Ashbrook, 71 Mo. 515; Matheny v. Mason, 73 Mo. 677; Lambert v. Estes, 99 Mo. 602. In this case the plaintiff has wholly failed to show, that the paramount title or right to possession of the land was in Collins. (2) The court did commit error in giving plaintiff's instruction number three. This instruction assumes that there is a difference in the rent contracted to be paid for the use of the land and the rental value of the land. That was one of the contended questions before the jury in this case. It was therefore, an error prejudicial to the defendant. Stone v. Hunt, 94 Mo. 475; Wilkerson v. Eilers, 114 Mo. 252.

*J. A. Clark* for respondent.

ELLISON, J.—This is an action for damages based on a lease of lands by defendant to plaintiff for a period of one year. The judgment was for plaintiff in the trial court.

It appears that plaintiff leased a farm of defendant for the period of one year at a certain rent, the greater part payable in money and the balance in work. Plaintiff failed to occupy the premises, as he claims through the fault of defendant in not securing him the possession, and he claimed at the trial that the actual rental value of the land was more than he was to pay to defendant and that he was thereby damaged in a sum equalling the difference between such

actual rental value and the price at which he was to have it. Whether there was difference in favor of plaintiff was the issue. In this state of the case plaintiff obtained an instruction, number three, in which it is assumed there was a difference. This was error for which the judgment must be reversed. [Stone v. Hunt, 94 Mo. 475; Wilkerson v. Eilers, 114 Mo. 245, 252; Railroad v. Stock Yards, 120 Mo. 541, 557; Stoner v. Royar, 200 Mo. 444.]

There were other matters complained of as error which, in view of the foregoing, will not be necessary to notice.

Reversed and remanded. All concur.