HARRIET KELLEY, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, November 29, 1910.

1. **NEGLIGENCE: Personal Injuries: Failing to Maintain Lights at Excavation: Instruction.** In an action for personal injuries received by falling into an excavation in a street, where a municipal ordinance counted on required not only that red lights should be placed at such excavations but that they should be kept burning during the entire night, an instruction that defendant was not liable if it placed or caused red lights to be placed at and along the excavation on the night of the accident, and before the accident occurred, was erroneous, since the ordinance required not only that red lights should be placed at the point in question but also that they should be kept burning during the entire night.

2. ——: ——: ——: ——. In such a case, an instruction for plaintiff which informed the jury that the ordinance laid a duty on defendant not only to station lights at the excavation, but to keep them burning as well, and that if plaintiff came to her injury, while exercising due care on her part, because of defendant's omission to perform said duty, the finding should be for her, was correct.

3. **INSTRUCTIONS: Inconsistent Instructions.** Instructions must be in harmony with each other, and if it appear that those given for one side are sound in doctrine and those for the other are in conflict therewith as to grounds of recovery or defense, the verdict must be set aside if it is in favor of the party for whom the erroneous instruction is given, unless on all the proof it appears that the verdict is for the right party.

4. **NEGLIGENCE: Personal Injuries: Failing to Maintain Lights at Excavation: Jury Question.** Whether defendant street railway company was negligent in failing to place sufficient lights to properly guard an excavation in a street, or whether, having placed the lights, it negligently failed to keep the same burning during the entire night, as required by a city ordinance, *held* for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

AFFIRMED AND REMANDED.

*W. B. Priest* and *R. E. Blodgett* for appellant; *Morton Jourdan* and *Boyle & Priest* of counsel.

(1) The court's action in sustaining plaintiff's motion for a new trial was erroneous, because defendant's instructions four and five are not in conflict with plaintiff's instruction No. 1 when all are read together. Squires v. Kansas City, 100 Mo. App. 628; Norton v. Cramer, 180 Mo. 544; Chambers v. Chester, 172 Mo. 490; Batten v. Modern Woodmen, 131 Mo. App. 381; Forge Co. v. Engine Co., 135 Mo. App. 87. (2) The court's action in granting a new trial was erroneous because the verdict was for the right party and should not have been disturbed. Bank v. Tuttle, 127 S. W. 921; 1 McQuillen Pleading and Practice, art. 775; Barry v. Railroad, 98 Mo. 62; Fox v. Windes, 127 Mo. 502; McKinstry v. St. Louis Transit Co., 108 Mo. App. 19.

*Frank Landwehr* and *Frank H. Haskins* for respondent.

(1) It was the duty of the defendant to place red lights on or near the excavation and to keep such lights burning during the entire night. Sec. 924, Rev. Ord. St. Louis, 1907. (2) An erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith since it cannot be known whether the jury followed the correct, or incorrect instructions. Berryman v. Cox, 73 Mo. App. 73; Standard Oil Co. v. Meyer Bros., 74 Mo. App. 450; Bluedorn v. Railroad, 108 Mo. 450; Stevenson v. Hancock, 72 Mo. 613; State v. Herrell, 97 Mo. 105; Stone v. Hunt, 94 Mo. 475. (3) Though the instructions given by the losing side correctly state the law, still if, those given by the prevailing side are contradictory and do not correctly state the law, it is reversible error. Redpath v. Lawrence, 42 Mo. App. 112.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff on account of personal injuries received through the negligence of defendant. The finding and judgment were for defendant, but the court sustained a motion for a new trial at the instance of plaintiff, and defendant prosecutes an appeal from that order.

The negligence relied upon in the petition relates to the omission of defendant to maintain certain red lights, during the night of the injury, adjacent to an excavation defendant had made in the public street. It appears plaintiff was a passenger on one of defendant's cars and alighted therefrom at College and Florissant avenues in the city of St. Louis, about ten o'clock at night. The night was dark, both the moon and stars being obscured by clouds, and it is said there was a rain that evening. After having alighted from the car, plaintiff set out to pass to the other side of the street on the crossing, when she fell into an excavation be-

tween defendant's car tracks in the public street. This
excavation was made by defendant and was about 200
feet in length. Plaintiff suffered numerous injuries
as a result of the fall and instituted this suit on the
theory defendant was remiss in its duty in failing to
observe the provisions of an ordinance of the city of
St. Louis, requiring red lights to be stationed at the
excavation and kept burning during the night as sig-
nals of danger. Section 924 of the ordinance of the
city of St. Louis, in evidence, requires every person
making an excavation in any public street to cause one
red light to be securely and conspicuously placed on or
near such excavation, if the excavation does not extend
more than ten feet in length. If the excavation extends
over ten feet and less than fifty feet, two red lights,
one at each end, shall be so placed, and one additional
light for each additional fifty feet or part thereof. The
ordinance provides further that such lights shall be
kept burning during the entire night.

The evidence given by plaintiff and others for her
tended to prove that no red lights were burning at the
point of the excavation while several witnesses for de-
fendant testified to the effect that several lights, as
many or more than the ordinance required, were sta-
tioned along, adjacent, to the excavation at 6:30 o'clock
that evening and continued burning all of the time dur-
ing the entire night.

By an instruction for plaintiff, the court submitted
the matter to the jury in accord with the ordinance
requirement. The jury were informed that the ordi-
nance laid a duty on defendant to not only station the
lights at the excavation but to keep them burning as
well and that if plaintiff came to her injury, while
exercising due care on her part, because of defendant's
omission to perform the duty suggested, the finding
should be for her. For defendant, the court gave two
instructions, numbered four and five, touching the same
matter, as follows:

"If you find and believe from the evidence that the defendant through its servants or employees placed or caused to be placed red lights at and along said excavation where plaintiff fell on the evening of May 4, 1908, and prior to the accident, then the defendant is not liable and your verdict will be for the defendant.

"You are instructed that it was not the duty, and the defendant was not required, to fence the excavation into which the plaintiff slipped or fell, and that the only duty imposed upon the defendant by the ordinance read in evidence was to place red lights at and along said excavation; and if you find and believe from the evidence that the defendant did place or cause to be placed on the evening of May 4, 1908, and before the accident occurred, red lights at and along said excavation where plaintiff fell, then the defendant is not liable."

It is to be noted that instruction numbered four, above copied, proceeds as though defendant had performed the full measure of its duty under the ordinance if it had caused red lights to be placed along the excavation where plaintiff fell on the evening mentioned, and the jury were told upon finding such to be the fact the verdict should be for defendant. It is to be noted also that defendant's instruction numbered five, above copied, pointedly informed the jury that the only duty imposed upon defendant by the ordinance was to place red lights at and along said excavation and that if it found defendant had so done the verdict should be for it. There can be no doubt that both of these instructions were erroneous, for the ordinance required not only that the lights should be placed at the points in question, but that they should be kept burning during the entire night as well. The instruction for plaintiff properly submitted this matter to the jury, but those for defendant directed a verdict for it in event the jury found defendant had performed the first injunction only. The court set aside the verdict for the reason defend-

ant's instructions above copied were not only unsound but in direct conflict with that given for plaintiff touching the same matter. It is argued here the court should not have set the verdict aside because though the instructions given for defendant are subject to the criticism mentioned, they are not irreconcilable with that given for plaintiff. We are not impressed with this argument, for plaintiff's instruction, which covered the whole case, informed the jury that it was defendant's duty to both station the lights and keep them burning. This was an accurate interpretation of the ordinance requirement and an instruction for defendant which directed a finding for it on it appearing the lights were properly stationed alone was directly in conflict and irreconcilable with that given for plaintiff. Under the instruction for plaintiff, which is the law of the case, plaintiff was entitled to recover even though defendant had stationed the lights, as its witnesses said, at 6:30 in the evening if she came to her injury at ten o'clock that night because they were then not burning, for she was entitled to the benefit of the ordinance requiring a signal of danger at all times during the night. Plaintiff's evidence tended to prove there were no lights burning at the time she fell into the excavation and the jury might have so found the fact to be, but nevertheless acquitted defendant of liability under its instructions on the undisputed evidence that the lights were properly stationed along the excavation at 6:30 o'clock in the evening. No more striking case of irreconcilable conflict in instructions may be suggested, and the argument that they may be reconciled on the facts appearing in proof is without merit. The rule requires instructions to be in harmony with each other and if it appears those given for one side are sound in doctrine and those for the other are conflicting therewith as to grounds of recovery or defense, the verdict should be set aside if it is in favor of the party for whom the erroneous instruction is given, unless it be in a case where

on all the proof it appears the verdict is for the right party. [Baker v. K. C., Ft. S. & M. R. Co., 122 Mo. 533, 26 S. W. 20; Stone v. Hunt, 94 Mo. 475, 7 S. W. 431; Bluedorn v. Mo. Pac. Ry. Co., 108 Mo. 439, 18 S. W. 1103; Berryman v. Cox, 73 Mo. App. 67.]

But it is said the verdict was for the right party and the verdict of the jury should be reinstated for this reason. We do not so view the case, for there appears a direct conflict in the evidence as to whether or not the lights were burning at the time plaintiff came to her injury and in those circumstances, the matter is for the jury under proper instructions. The court very properly ordered a new trial. The order granting a new trial will be affirmed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.