CLAUDIE MAY PYBURN, Respondent, v. KANSAS CITY et al., Appellants.

Kansas City Court of Appeals, May 27, 1912.

1. MUNICIPAL CORPORATIONS: Excavations: Lights: Insurance: Duty. It is the duty of those making excavations in the streets of Kansas City, on quitting work in the evening to provide properly secured lights of warning of danger to pedestrians or those driving along the streets. But such duty does not extend to a condition of insurance, and therefore there is no obligation to see that the lights are kept in place all night.

2. ———: ———: ———: ———: ———: Instructions: Contradictory. If an instruction is given for a plaintiff who drives into an excavation in the street, that it was the duty of a city and contractor who had excavated in the street, to see that the light was burning at the time plaintiff drove into it, it is prejudicial error which is not cured by a correct instruction given for defendants.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED.

*John G. Park* and *Henry S. Conrad* for appellants.

*T. J. Madden* for respondent.

ELLISON, J.—Plaintiff was injured by driving into an excavation made in one of the streets of Kansas City by defendant Thompson. She brought this action against both Thompson and the city, and recovered judgment against both in the trial court.

There was evidence tending to show that the city issued a permit to Thompson to make the excavation and that when made it was dangerous to those using the street, especially those driving vehicles after night. That plaintiff and another woman and some children were driving a one-horse vehicle along the street after dark, when they suddenly, without warning, drove into the hole. The evidence tended to show that in excavating the dirt was thrown up on the sides, perhaps three feet high, and that in protecting the place two railroad ties were used. The man who placed them said he put one "on the end of the dirt and the other on top; and I tied the lantern to it with a little piece of baling wire." There was no evidence directly contradicting the statement that the lantern was left lighted and fastened to the railroad tie. There was evidence tending to show that it was not lighted when the mishap occurred.

It was the duty of the defendants to protect people, in lawful use of the street, either by guarding the excavation, or by placing a red lantern so as that it could be seen and operate as a warning. But that duty was performed if the light was properly placed and secured by the workmen on quitting work on the evening prior to the injury. If it was displaced after-

wards, without defendant's fault, no blame can attach to them. [Myers v. Kansas City, 108 Mo. 480; Hesselbach v. St. Louis, 179 Mo. 505; Ball v. Independence, 41 Mo. App. 469; Welsh v. City of Lansing, 111 Mich. 589.]

The foregoing will make clear our view of the criticism on plaintiff's instructions wherein it was declared that it was the duty of defendants to have the place guarded or lighted *at the time* plaintiff drove into it. This declaration was emphasized in the instructions several times, and there can be no doubt that it could only have been understood to mean that though a light was properly placed several hours before, when the men quit work, yet if it was not there when plaintiff came along, a liability was incurred.

Contradictory instructions to the foregoing were given for the defendants, but where instructions are in direct conflict, as here, that of itself is error against the party whose instruction is right. For it is an injustice to a party that his correct instruction should be crippled by one which contradicts it. [Baker v. Ry. Co., 122 Mo. 533; Wojtylak v. K. & T. Coal Co., 188 Mo. 260, 283; Frederick v. Allgaier, 88 Mo. 598, 603; Goetz v. Ry. Co., 50 Mo. 472; Kelley v. United Railways Co., 153 Mo. App. 114.] This last case resembles the present one in essential particulars.

The instructions was especially harmful in this case since much evidence was heard as to when the light was burning and when not.

Question is made whether plaintiff's instructions did not put a double duty on defendants as to barriers and also lights. On retrial, the language used ought to be such as not to leave that a matter of the least doubt. However, an ordinance was introduced making it the duty to put up railing and provide lights. It should be made clear to whom this applies.

The judgment is reversed and the cause remanded. All concur.