*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.

---

ROBERT G. RANNEY, Appellant, v. THOMAS E. LEWIS et al., Respondents.

Springfield Court of Appeals, June 13, 1914.

1. **EVIDENCE: Burden of Proof: Rests Where: Continues to End of Trial.** The burden of proof is the duty resting upon the party who asserts the affirmative of an issue to prove same by a preponderance of evidence. This duty remains with the party holding the affirmative until the end of the trial and upon proper request it is the duty of the court to so instruct the jury.

2. **INSTRUCTIONS: Inconsistent and Conflicting: Error.** The giving of inconsistent and conflicting instructions constitutes reversible error.

3. **EVIDENCE: Memorandum Entries in Private Books: Not Admissible When.** Memoranda entered by an attorney in his office record book immediately after the client left his office are not part of the *res gestae* in an action for the value of legal services rendered said client and are inadmissible in evidence in his favor, the client not being present when the memoranda were entered and never having seen the entries.

4. **APPEAL AND ERROR: Exclusion of Evidence: Assigning Errors.** An appellate court is not bound to search for errors: the burden of pointing them out being upon the appellant. Where appellant in the assignment of error in his brief alleged that the court had erroneously excluded evidence, he should have pointed to the offer of the evidence which was excluded.

Appeal from Mississippi County Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*Russell, Deal & Joslyn* for appellant.

(1) The memorandum made by Judge Ranney in his office docket was a part of the *res gestae* and should have been admitted in testimony. Greenleaf on Evidence, Vol. 1 (12 Ed.), Sec. 108a. (2) The burden of proof rests upon the person who takes the affirmative. City of St. Louis v. Arnot, 94 Mo. 275; Berger v. Storage Co., 136 Mo. App. 36; Stephens v. Assurance Co., 139 Mo. App. 369; Bathe v. Insurance Co., 152 Mo. App. 87. (3) In accepting employment a lawyer does not become an insurer of the success of his professional efforts. If he acts with care, industry and judgment of a lawyer of reasonable skill and capacity he is entitled to pay regardless of the result. Dooley v. Wreck, Admx., 172 Mo. App. 535.

*J. M. Haw* for respondents.

(1) The statement, or entry, having been made in the absence of defendants, and without their knowl-

edge, could not be binding on them and was properly excluded. Collins v. Todd, 17 Mo. 537, 540; McLean v. Rutherford, 8 Mo. 109; Mulliken v. Greer, 5 Mo. 489; Blair v. Caldwell, 3 Mo. 353; Bank v. Durrill, 61 Mo. App. 543; Kennaday v. Holladay, 25 Mo. App. 503. (2) Where the verdict is substantially correct it ought not to be disturbed even though there be an error in the instructions. R. S. Mo. 1909, Secs. 1850 and 2082; Peterson v. Transit Co., 199 Mo. 331, 344; State ex rel. v. Stone, 111 Mo. App. 364, 372; Hannon v. St. Louis Transit Co., 102 Mo. App. 216, 222. (3) Plaintiff's petition in this cause fails to state facts sufficient to constitute a cause of action in that it does not allege that defendants promised to pay anything for his services or that they were reasonably worth the amount sued for, or any other amount. Brewer v. Swartz, 94 Mo. App. 392.

FARRINGTON, J.—This is an action instituted by appellant, Robert G. Ranney, a lawyer, for the purpose of recovering from respondents the alleged value of legal services rendered in the year 1908 in a Federal court in a case wherein these respondents were plaintiffs. Appellant sued for $220 as the balance due.

Defendants in their answer denied being indebted to plaintiff in that sum, but admitted employing plaintiff to bring the suit for them in the Federal court, and pleaded a special contract whereby they were to pay plaintiff $50 for his services, unless he should be caused to leave the city where he practiced in connection with their case, in which event it is alleged by defendants he was to be paid $25 per day for each day he was away; that $30 of said sum had been paid and that the balance ($20) had been tendered and refused. Defendants also pleaded a counterclaim for damages which they claimed to have sustained by reason of plaintiff's negligence in bringing the suit in a court that did not have jurisdiction of the subject-matter

thereof, thereby causing defendants herein to pay costs, etc. The court, however, instructed the jury that they should find for plaintiff on the counterclaim, and as defendants did not appeal, this is out of the case.

Plaintiff replied by a general denial.

There was a trial by jury which found for plaintiff in the sum of $20, and he appealed.

The plaintiff at the time of the employment was a practicing lawyer of about forty years' experience, and at the time of the trial was judge of the common pleas court of Cape Girardeau county. He prepared and filed a bill in the Federal court, alleging that complainants were residents of Illinois and that defendants were residents of Missouri, asking $700 damages. Issue was joined, and a special master was appointed by the Federal court who heard the evidence and the arguments and made his report in which this language is used:

"This is a suit in equity in the circuit court to obtain an injunction restraining frequent trespasses on lands and to recover damages for such trespasses, and is based for its jurisdiction upon the diverse citizenship of complainants and defendants, but as the damages to complainants' land complained of are less than $2000 (being only $700 as alleged in complainants' bill and being only $75 as proven by testimony), this court has no jurisdiction of the subject-matter in this suit. I therefore recommend to the court that the temporary injunction heretofore issued be dissolved and that the complainants' bill be dismissed at their costs."

The report of the special master was approved and the bill dismisssed and complainants (respondents here) paid the costs amounting to about $400.

The respondents herein were, at the date of the institution of the suit in the Federal court, the owners of a large tract of land, for which they paid $7000, situated in Mississippi county in this State, on what is known as Island No. Six in the Mississippi river,

just opposite the town of Hickman, Kentucky. Part of
their land was on the main shore below Dorena, and
was a ferry landing. Persons going from the Missouri
shore to Hickman would cross the chute and drive
over their lands which were suituated on the island,
and the ferry boats were landing against their bank,
and were causing the respondents herein considerable
trouble. One of the respondents, Henry E. Lewis, a
licensed attorney, consulted Mr. Ranney, the appel-
lant herein, and told him they wanted suit brought in
the Federal court. Mr. Ranney did everything neces-
sary to be done in the Federal court case except being
present when some depositions were taken at Hickman,
Kentucky, at which time he was ill and in Colorado.

The attorney for the defendants in the Federal
court case (Mr. Kelso) testifying for the plaintiff
herein said that Mr. Ranney's services rendered in
that case were worth $400 or $500. The special mas-
ter also testified for Mr. Ranney that he thought $350
or $400 would be a reasonable fee for the work done.
He and Kelso and plaintiff testified that the question
of jurisdiction on which the Federal court case went
off is one about which the courts differ. Kelso testified
that he raised the question of jurisdiction at every
stage of the proceedings, but that the court refused to
entertain his objections until the testimony should be
heard. Plaintiff testified that at the time Lewis em-
ployed him—"I advised him if there was no defense,
I would charge him $50, and he spoke up very quickly
and said, 'There will be a defense.' I said then, 'It
is impossible for me to tell you then just how much
labor will be required of me, and how many courts I
will have to fight this case through, and it is a hard
matter to fix the fee, and if I am required to do it,
I might fix it for a greater amount than my services
would be worth because I cannot tell all that would be
necessary to do, and I would fix it high enough.' He
said, 'Well, you would be reasonable with me, wouldn't

you?' And I said, 'Why, as a matter of course, I would be reasonable about the fee.' And as soon as he left the office I made a memorandum in my docket of what I told him the amount of fee I would charge him.'' Plaintiff offered in evidence the following entry claimed to have been made by him in his office docket at the time he was employed by defendant Henry E. Lewis to bring the suit: ''I told Henry Lewis that if there was no defense made, the fee would be $50. He gave me check for $60, fifty of which to be paid to clerk to cover costs.'' The court sustained defendants' objection that ''no entry made by Judge Ranney could be binding upon the defendants,'' and plaintiff excepted. Plaintiff as a witness denied the allegations of defendants' answer.

Henry E. Lewis, one of the defendants, himself a lawyer, gave testimony supporting the averments of the answer. He stated that he never practiced in the Federal courts and that he was never a very active member of the bar; that he told Mr. Ranney he wanted the suit brought in the Federal court and perhaps told him why, but that he relied upon Ranney's advice. Defendants introduced the deposition of a lawyer practicing in Kentucky who stated that he had examined the papers in the Federal court case and ascertained why it was dismissed, and that $50 would be more than the attorney's services were worth in view of the record.

The court gave this instruction for the plaintiff:

''The court instructs the jury that the burden of proving a special contract for services, that is, that there was a sum agreed upon, is upon the defendant, and unless you believe and find that the defendant has proven said special contract by the preponderance or greater weight of the testimony, you will find that there was no special contract.''

The court gave this instruction for the defendants:

"The court instructs the jury that the burden of proof to make out the claim of plaintiff by a preponderance of the evidence rests upon the plaintiff, and unless he has proven his claim for services, and that there was no special agreement to render the services for fifty dollars, you shall find for him in the sum of twenty dollars only. By preponderance of the evidence is meant the greater weight of the evidence."

Appellant argues that the instruction last quoted compelled him to not only prove his own case, but also to disprove the defendants' case.

"The burden of proof, as correctly understood, is the duty which rests upon a party asserting the affirmative of an issue or proposition of establishing it by a preponderance of the evidence. This duty remains with the party holding the affirmative until the end of the trial, . . . and upon a proper request, it is the duty of the court to so instruct the jury." [Berger v. Storage & Com. Co., 136 Mo. App. l. c. 42, 116 S. W. 444; see, also, Bathe v. Insurance Co., 152 Mo. App. l. c. 93, 94, 132 S. W. 743.]

In the case of Richardson v. George, 34 Mo. 104, suit was brought against George as contractor for building some houses for Priest and Watson, to enforce a mechanic's lien in favor of the plaintiff, who was a sub-contractor. The plaintiff claimed for the worth and value of the work done and materials furnished by him. George answered and alleged that he had a special contract with the plaintiff, by which the plaintiff was to do the work for $1975. The defendant George asked the court to instruct the jury "that if they believe from the evidence that a portion of the work sued for was performed by plaintiff for defendant under a contract between them for a specific sum, then plaintiff can for such work only recover nominal damages, unless the amount for which the contract was made has been shown by the evidence, and the burthen of such proof devolves upon plaintiff."

The Supreme Court said: "The court properly refused this instruction because the defendant George having set up the special contract it was his business to prove it." This much of that opinion has never been overruled. [See, also, Schutter v. Adams Express Co., 5 Mo. App. 316, 320.]

Respondents, however, contend that although the instruction is "unfortunately worded and doubtless fails to convey the meaning the trial judge intended to put into it," yet since plaintiff's instruction was given which clearly stated that the burden of proving the special contract was upon the defendants and the verdict is substantially correct, it ought not be disturbed even though the instructions were erroneous. Thus do respondents seek to uphold a verdict against themselves, citing sections 1850 and 2082, R. S. 1909; Petersen v. Transit Co., 199 Mo. l. c. 344, 97 S. W. 860; State ex rel. Sondheimer Co. v. Stone, 111 Mo. 364, 372, 85 S. W. 950; Hannon v. St. Louis T. Co., 102 Mo. App. l. c. 222, 77 S. W. 158. In those cases, the trial court had given an erroneous instruction and the result of the trial was favorable to the party at whose instance it was given, but the appellate court refused to reverse because of the erroneous instruction for the reason that, upon the whole of the evidence, the verdict was manifestly for the right party. [See, also, Kelley v. United Rys. Co., 153 Mo. App. 114, 119, 132 S. W. 269.] In our case, the result of the trial may well be said to be favorable to the party who asked the erroneous instruction because the verdict was for but $20 and the pleading and the evidence of that party admitted that this sum was justly due the plaintiff. Plaintiff claimed that his services were reasonably worth $250 and that only $30 had been paid, and his witnesses put the figure considerably higher. In plaintiff's first instruction, the jury, if it found the issues for plaintiff, could assess his damages at such sum as it believed was a reason-

able compensation for the services rendered, not to exceed $220. It is possible that the jury chose to rely upon the deposition of defendants' witness (the Kentucky lawyer) who believed $50 was more than the services were worth. But it is just as plausible to say that the jury disregarded plaintiff's instruction on the burden of proof and followed that given for the defendants which was clearly erroneous. The two instructions quoted are plainly in conflict and there is no way of knowing on what theory the jury proceeded. [See Standard Oil Co. v. Drug Co., 74 Mo. App. 446, 450.]

In Vermillion v. Parsons, 118 Mo. App. 260, 94 S. W. 298, the court gave two instructions as to the burden of proof, one for the interpleader that if the jury found she was in possession of the property, the burden of proof was on plaintiff, and the other for plaintiff that (without any qualification) the burden of proof was on the interpleader, and this was held to be reversible error.

In Gardner v. Street Ry. Co., 223 Mo. 389, 417, 122 S. W. 1068, the trial court gave an instruction in which two clauses were inconsistent with and contradictory of each other, and this was held to be reversible error, the Supreme Court saying: "The jury had no means of knowing which of the two properly declared the law of the case, and we have no means of knowing which of the two the jury did follow." See, also, Bowen v. Epperson, 136 Mo. App. 571, 118 S. W. 528, where confusing instructions were given, and it was held (l. c. 575) that the fact that the one for defendant was right did not cure the error in that given for plaintiff.

We cannot say that "the substantial rights of the appellant" were not affected. We believe the cases referred to control, and we therefore hold that reversible error was committed.

At another place in this opinion we have set forth plaintiff's testimony that as soon as Mr. Lewis left the office after engaging plaintiff to conduct the Federal court suit, he (the plaintiff) made a memorandum in his office docket of the amount he told Mr. Lewis he would charge, explaining in his testimony that in this docket he kept a list and made entries of the different cases he was employed in. Later, plaintiff offered in evidence the entry at page 150 of his docket and now claims it should have been admitted as part of the *res gestae.* We affirm the action of the trial court in refusing to permit plaintiff to offer this in evidence. The entry was made in the absence of the defendants and there is no showing that they ever saw it. [See, Britian v. Fender, 116 Mo. App. 93, 98, 92 S. W. 179; McLean v. Rutherford, 8 Mo. 109, 114.] In Kennedy v. Holladay, 25 Mo. App. 503, plaintiff sued defendant for malicious prosecution. The plaintiff, for the evident purpose of showing he was a poor man, introduced entries in the tax books, and the action of the court in admitting them was condemned as error, the court saying: "Entries in such books have been admitted where made upon the person's own return, upon the principle of declarations against interest, where offered as evidence against the person; or, when offered in favor of the person, for the purpose of proving the fact itself, namely, that he has paid a certain tax, or that a certain tax was assessed against him. But when offered, as in this case, in the person's own favor, for the purpose of showing his financial standing, these entries stand strictly on the footing of hearsay testimony, or of declarations made by the person in his own favor."

In the motion for a new trial is an assignment to the effect that the court erred in refusing to allow the plaintiff to show by proper testimony the benefits derived by defendants from the services rendered them by plaintiff as attorney. In the assignments of error

in appellant's brief it is alleged that the trial court erred in refusing to permit plaintiff to show whether or not the purpose for which the suit was instituted in the Federal court had been accomplished. At no place does appellant point to the offer of evidence which he claims was excluded, and an appellate court is not bound to search for error, the burden of proving it being on the appellant. [Tuttle v. Davis, 48 Mo. App. 9.] However, the contention is without merit on appellant's own evidence because he testified that a judgment rendered by a court having no jurisdiction of the subject-matter would be void (in which we agree with him), and his witness Kelso testified that the result of the Federal court suit would not prevent the same thing occurring again. This assignment is overruled.

Because of the giving of the erroneous instruction hereinbefore referred to, the judgment is reversed and the cause remanded. *Robertson, P. J.,* and *Sturgis, J.,* concur.